UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CURTIS JONES,  )  )     Petitioner,  ) v.    ) RICHARD BROWN,  )  )     Respondent.  ) | No. 2:14-cv-110-JMS-MJD |

**Entry Discussing Petition for a Writ of Habeas Corpus**

Petitioner Curtis Jones was convicted of murder in an Indiana state court. He is currently serving a sixty-year sentence for this crime. Mr. Jones now seeks a writ of habeas corpus.

For the reasons explained in this Entry, Mr. Jones's petition for a writ of habeas corpus is **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

**I.
Background**

District court review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. *See Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). On post-conviction appeal, the Indiana Court of Appeals summarized the relevant factual and procedural history:

> The facts as found on direct appeal are that on June 16, 1995, Jones walked to a home on Spatz Avenue in Fort Wayne and fired at least four shots into the home where fifteen to twenty people were gathered. *Jones v. State*, 689 N.E.2d 722, 724 (Ind. 1997) [("*Jones I*")]. Three bullets struck Troy Williams, who died from his injuries. *Id.* Another bullet struck Latrail Gamble in the arm, but he survived. *Id.* Jones, who was a gang member, told a friend that he had fired the shots because he was tired of rival gang members killing his friends. *Id.*
>
> The jury found Jones guilty of murder but not guilty of attempted murder. *Id.* at

> 723. At the sentencing hearing, the trial court found Jones's young age to be a mitigating circumstance. Tr. p. 129. In aggravation, the trial court noted Jones's "extensive criminal history," which included juvenile adjudications, "lack of remorse," and what the trial court believed to be "intentionally false testimony given during trial under oath." *Id.* After concluding that the aggravating circumstances substantially outweighed the mitigating circumstances, the trial court ordered Jones to serve sixty-five years in the Department of Correction, which was ten years above the presumptive term. *Id.* at 129–130.
>
> Jones appealed raising two issues: (1) whether there was sufficient evidence to sustain the murder conviction, and (2) whether the guilty verdict on murder was inconsistent and irreconcilable with the acquittal on attempted murder. *Jones*, 689 N.E.2d at 723. Our Supreme Court rejected both claims but sua sponte held that Jones had been sentenced under the wrong statute and, consequently, the trial court had imposed a sentence that was five years longer than what could have been imposed under the correct statute. *Id.* at 725. The Jones Court remanded with instructions to reduce Jones's sentence to sixty years. *Id.*
>
> In 1998, Jones filed a pro se petition for post-conviction relief, but counsel later entered an appearance and amended the petition in 2001, 2005, 2006, and 2012. Evidentiary hearings were held on December 1, 2008, and April 27, 2012. The post-conviction court determined that all matters submitted at the 2008 hearing were, by agreement of the parties, to be included in the court's decision, and that the 2012 amendment was to supplement the previous amendments.
>
> On February 19, 2013, Jones was denied post-conviction relief in an order which contained written findings of fact and conclusions of law. Jones had alleged that appellate counsel had been ineffective for not challenging his sentence and that *Blakely* should be applied retroactively. As to the former argument, the post-conviction court determined that it was unlikely to be successful in light of the "manifestly unreasonable" standard that was in effect at the time Jones sought a direct appeal. Appellant's App. p. 305. Regarding Jones's second argument, the post-conviction court concluded that *Gutermuth v. State*, 868 N.E.2d 427, 434–35 (Ind.2007), determined that a defendant's case is final for *Blakely* purposes when the time for filing a direct appeal has expired. *Id.* at 309. Thus, *Blakely* could not apply retroactively to Jones's post-conviction case. *Id.*

*Jones v. State*, 2013 WL 5753773, *1-2 (Ind. Ct. App. 2013) ("*Jones II*").

The Indiana Court of Appeals in *Jones II* affirmed the denial of post-conviction relief. *See id.* at *3. Mr. Jones filed a petition to transfer with the Indiana Supreme Court, and it denied transfer on March 20, 2014. *See Jones v. State*, 5 N.E.3d 371 (Ind. 2014).

## II.
## Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). The petitioner filed his 28 U.S.C. § 2254 petition after the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). His petition, therefore, is subject to AEDPA. *See Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

"Under the current regime governing federal habeas corpus for state prison inmates, the inmate must show, so far as bears on this case, that the state court which convicted him unreasonably applied a federal doctrine declared by the United States Supreme Court." *Redmond v. Kingston,* 240 F.3d 590 (7th Cir. 2001) (citing 28 U.S.C. § 2254(d)(1); *Guys v. Taylor*, 529 U.S. 362 (2000); *Morgan v. Krenke*, 232 F.3d 562 (7th Cir. 2000)). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

## III.
## Discussion

Mr. Jones raised three claims in his petition to transfer his post-conviction appeal to the Indiana Supreme Court, and he appears to raise the same three claims here. The Court restates

them as follows: (1) whether his appellate counsel provided ineffective assistance by failing to argue that his sentence was manifestly unreasonable; (2) whether *Blakely* and *Apprendi* apply retroactively; and (3) whether, if *Blakely* and *Apprendi* apply retroactively, juvenile convictions can be considered "prior convictions," and, as such, used to enhance a sentence. [Filing No. 1 at 4-5; Filing No. 12-10.] The Court will address each claim in turn.

### A.   Ineffective Assistance of Appellate Counsel

A defendant has a right under the Sixth Amendment to effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). For a petitioner to establish that "counsel's assistance was so defective as to require reversal," he must make two showings: (1) that counsel rendered deficient performance that (2) prejudiced the petitioner. *Id.*

"Appellate lawyers are not required to present every nonfrivolous claim on behalf of their clients—such a requirement would serve to bury strong arguments in weak ones—but they are expected to 'select[] the most promising issues for review.'" *Shaw v. Wilson*, 721 F.3d 908, 915 (7th Cir. 2013) (quoting *Jones v. Barnes*, 463 U.S. 745, 752-53 (1983)). "For this reason, if [the petitioner's appellate counsel] abandoned a nonfrivolous claim that was both 'obvious' and 'clearly stronger' than the claim that he actually presented, his performance was deficient, unless his choice had a strategic justification." *Id.*; *see Sanders v. Cotton*, 398 F.3d 572, 585 (7th Cir. 2005). "This standard is difficult to meet because the comparative strength of two claims is usually debateable." *Shaw*, 721 F.3d at 915. Appellate counsel's performance is assessed "from the perspective of a reasonable attorney at the time of [the] appeal, taking care to avoid the distorting effects of hindsight." *Id.* (citation and quotation marks omitted); *see also Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

The Indiana Court of Appeals in *Jones II* addressed Mr. Jones's ineffective assistance of appellate counsel claim on the merits, reasoning as follows:

> Jones contends that his appellate counsel was ineffective for failing to argue that his sixty-five-year sentence was manifestly unreasonable when it was clearly stronger than the two claims presented. At the outset, we note that when Jones directly appealed, a sentence in a criminal case could not be revised under Indiana Appellate Rule 17(B) unless it was "manifestly unreasonable in light of the nature of the offense and the character of the offender." *Bacher v. State*, 686 N.E.2d 791, 801 (Ind. 1997) (emphasis added). This was a difficult standard to meet. *Reed v. State*, 856 N.E.2d 1189, 1198 (Ind. 2006).
>
> Jones fiercely argues that Indiana has abolished inconsistent jury verdicts as a claim of error. While Jones is correct, our Supreme Court did not abolish that claim of error until it decided *Beattie v. State*, 924 N.E.2d 643 (Ind. 2010), which was thirteen years after Jones's direct appeal. We cannot say that an attorney is ineffective for not predicting future changes in our Supreme Court's jurisprudence. Moreover, if either one of Jones's claims on direct appeal had been successful, the result would have been a reversal of his conviction. By contrast, a challenge that his sentence was manifestly unreasonable would have, at most, resulted in a reduction of his sentence. Consequently this argument fails.

*Jones II*, 2013 WL 5753773, at *2-3.

The petitioner maintains that the Indiana Court of Appeals unreasonably applied clearly established federal law in concluding that the unraised sentencing challenge was not "clearly stronger" than his inconsistent verdict claim. Specifically, the petitioner contends that, although the "manifestly unreasonable" standard is difficult to meet, it is not impossible, and that the inconsistent verdict claim had no chance of success. [Filing No. 14 at 2-6.] The respondent maintains that the Indiana Court of Appeals reasonably applied clearly established federal law in concluding that Mr. Jones's appellate counsel did not render deficient performance because the state court correctly noted that the "manifestly unreasonable" standard was difficult to meet and that the claims appellate counsel chose to raise offered the potential for significantly greater relief. [Filing No. 12 at 7-8.]

"A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." *Brown*, 544 U.S. at 141 (internal citations omitted). As discussed below, there was nothing objectively unreasonable about the Indiana Court of Appeals' application of the standards governing ineffective assistance of appellate counsel claims. It concluded that the unraised claim was not clearly stronger because of the difficult showing necessary for success on such a claim and because it would have only resulted in a lower sentence, while the two claims that were raised would have resulted in the reversal of his conviction. This represents a reasonable application of Supreme Court precedents to the facts.

The Indiana Court of Appeals correctly noted that Indiana's prior appellate standard of review for sentencing decisions—which was effective at the time of Mr. Jones's appeal—made relief on such a claim extremely difficult to obtain. To succeed on such a claim, Mr. Jones would have had to convince an Indiana appellate court that his sentence was "manifestly unreasonable" in light of the offense and the offender. *Reed v. State*, 856 N.E.2d 1189, 1198 (2006). The Indiana Supreme Court has described this standard as "incredibly high," and thus relief based on such a claim was "seldom granted." *Id.*; *see Walker v. State*, 747 N.E.2d 536, 538 (Ind. 2001) (describing the standard as "very tough" and noting that "Indiana appellate courts have exercised this responsibility . . . with great restraint"). Even a showing that the sentence was unreasonable was insufficient; the defendant had to show that the sentence was "clearly, plainly, and obviously" unreasonable. *Powell v. State*, 687 N.E.2d 563, 568 (Ind. 1997). In fact, this standard was "so high that it ran the risk of impinging" the defendant's Indiana constitutional right to an appeal. *Serino v. State*, 798 N.E.2d 852, 856 (Ind. 2003). This led Indiana to lessen the showing required "to provide a more realistic appeal of sentencing issues." *Id.* Mr. Jones is correct, however, that

this difficult standard is not impossible to meet. *See Walker*, 747 N.E.2d at 538 (revising a sentence because it was manifestly unreasonable and collecting cases).

Instead of challenging Mr. Jones's sentence, Mr. Jones's appellate counsel challenged the sufficiency of the evidence and whether the jury's verdicts were inconsistent.[1] The Indiana Supreme Court's succinct rejection of these claims in *Jones I* reveals that neither were strong claims. *See Jones I*, 689 N.E.2d at 724-25. But the unraised sentencing claim was also far from compelling. As detailed above, although not impossible to succeed on such a claim, it is "very tough." *Walker*, 747 N.E.2d at 538. There were several aggravating factors that arguably justified Mr. Jones's sentence, including his "'extensive criminal history,' which included juvenile adjudications, 'lack of remorse,' and what the trial court believed to be 'intentionally false testimony given during trial under oath.'" *Jones II*, 2013 WL 5753773, at *1. These facts combined with the exacting legal standard made the likelihood of success on the unraised sentencing claim quite small.

It is "difficult" to show that an unraised claim is "clearly stronger" than claims that were raised "because the comparative strength of two claims is usually debateable." *Shaw*, 721 F.3d at 915. Mr. Jones's appellate counsel essentially had the choice between several weak claims. Given this, the unraised sentencing claim was not clearly stronger than the claims that were raised. More importantly, even if it arguably was clearly stronger, it was certainly not unreasonable for the state

---

[1] The Court notes that, as the master of his own claims both in state court and in his habeas petition before this Court, the petitioner chose to argue that his appellate counsel should have argued that his sentence was manifestly unreasonable, rather than that he was sentenced under the wrong statute. This is perhaps because the Indiana Supreme Court recognized that he was sentenced under the wrong statute in *Jones I*, and sua sponte reduced his sentence in light of that error. *See Jones I*, 689 N.E.2d at 725. The petitioner therefore could not have established any prejudice under *Strickland*.

court to conclude otherwise. Therefore, because the state court reasonably applied established federal law, Mr. Jones is not entitled to habeas relief on this claim.

### B. *Blakely* and *Apprendi*

Mr. Jones contends that *Blakely* and *Apprendi* apply retroactively and that he should receive the benefit of those decisions. The Indiana Court of Appeals addressed this claim on the merits as follows:

> Jones argues that *Blakely* should have retroactive application and that, accordingly, he is entitled to be resentenced because the trial court enhanced his sentence based on his lack of remorse, which was not an aggravating circumstance provided in any statute. However, our Supreme Court has already addressed this issue and determined that *Blakely* does not apply retroactively to post-conviction appeals because such appeals are neither "pending on direct review" nor "not yet final." *Gutermuth*, 868 N.E.2d at 433, 435. The *Gutermuth* Court reasoned that this result "recognizes the importance of finality without sacrificing fairness." *Id.* at 434.

*Jones*, 2013 WL 5753773, at *3.

Mr. Jones's claim has no merit. The Indiana Court of Appeals correctly recognized that, although *Blakely* claims are available in cases that were still pending when *Blakely* was decided, *see White v. Battaglia*, 454 F.3d 705, 706 (7th Cir. 2006), it does not apply retroactively in challenges to final convictions on collateral review, *see Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013); *Wilson v. United States*, 414 F.3d 829, 831 (7th Cir. 2005). Mr. Jones acknowledges that his conviction was final when *Blakely* was decided. Accordingly, he is not entitled to habeas relief on this claim.

### C. Juvenile Adjudications Considered as Convictions at Sentencing

Mr. Jones's third and final claim is that his juvenile adjudication should not be considered a conviction that can be used to enhance his sentence. The nature of this claim is not entirely clear from Mr. Jones's habeas petition.

Mr. Jones raised a similar claim in his petition to transfer to the Indiana Supreme Court. [Filing No. 12-10 at 11-12.] That claim was predicated on success on his *Blakely* claim discussed above. [*See* Filing No. 12-10 at 11 ("If this Court decides that *Blakely* and *Apprendi* do not apply to cases final before they were decided, there is no need to reach this question.").] To the extent his is raising this same claim here, it has no merit for the same reasons discussed above regarding his *Blakely* claim. Moreover, this claim appears to be predicated on a question of state law. *See Jones II*, 2013 WL 5753773, at *3. To the extent that it is, the United States Supreme Court has "repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).

Mr. Jones is not entitled to habeas relief on this claim for both of the foregoing reasons.

## IV.
## Conclusion

This Court has carefully reviewed the state record in light of Mr. Jones's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. Because Mr. Jones failed to carry his burden on his claims, he is not entitled to habeas relief, and his petition is therefore **denied**.

Judgment consistent with this Entry shall now issue.

## V.
## Certificate of Appealability

Rule 11(a) of the *Rules Governing § 2254 Cases* requires the district courts to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and "[i]f the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Pursuant to § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

Such a showing includes demonstrating "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and quotation marks omitted). Mr. Jones has failed to make this showing, and therefore a certificate of appealability is **denied**.

    **IT IS SO ORDERED.**

Date: July 8, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Curtis Jones
No. 903494
Wabash Valley Correctional Facility
Electronic Service Participant-Court Only

Electronically Registered Counsel